IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| LUCY S., | ) | |
| Plaintiff, | ) | Civil Action No. 5:17-cv-00018 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | By:   Joel C. Hoppe |
| Social Security, | ) | United States Magistrate Judge |
| Defendant. | ) | |

Plaintiff Lucy S. asks this Court to review the Acting Commissioner of Social Security's

("Commissioner") final decision denying her application for disability insurance benefits

("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–434. The case is

before me by the parties' consent under 28 U.S.C. § 636(c). ECF No. 8. Having considered the

administrative record, the parties' briefs and oral arguments, and the applicable law, I find that

remand under the sixth sentence of 42 U.S.C. § 405(g) is required to give the Commissioner an

opportunity to consider new and material evidence related to the period at issue in this appeal.

I. Standard of Review

The Social Security Act authorizes this Court to review the Commissioner's final

decision that a person is not entitled to disability benefits. 42 U.S.C. § 405(g); *see also Hines v.

Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). The Court's role, however, is limited—it may not

"reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for

that of agency officials. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Instead, a court

reviewing the merits of the Commissioner's final decision asks only whether the Administrative

Law Judge ("ALJ") applied the correct legal standards and whether substantial evidence supports

the ALJ's factual findings. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011); *see Riley v. Apfel*,

1

88 F. Supp. 2d 572, 576 (W.D. Va. 2000) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98–100 (1991)).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla" of evidence, *id.*, but not necessarily "a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence review takes into account the entire record, and not just the evidence cited by the ALJ. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–89 (1951); *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984). Ultimately, this Court must affirm the ALJ's factual findings if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996)). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

A person is "disabled" within the meaning of the Act if he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 20 C.F.R. § 404.1505(a). Social Security ALJs follow a five-step process to determine whether a claimant is disabled. The ALJ asks, in sequence, whether the claimant (1) is working; (2) has a severe impairment that satisfies the Act's duration requirement; (3) has an impairment that meets or equals an impairment listed in the Act's regulations; (4) can return to his or her past relevant work based on his or her residual functional capacity; and, if not (5) whether he or she can

perform other work. *See Heckler v. Campbell*, 461 U.S. 458, 460–62 (1983); *Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017); 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof through step four. *Lewis*, 858 F.3d at 861. At step five, the burden shifts to the agency to prove that the claimant is not disabled. *See id.*

## II. Procedural History

Lucy S. filed the underlying DIB application in February 2013, alleging disability because of her "heart history," high blood pressure and high cholesterol, diverticulitis, kidney stones, arthritis, spinal stenosis, "prolapsed bladder, rectum, [and] uterus," macular degeneration, and depression. Administrative Record ("R.") 97, ECF No. 10. She alleged disability beginning on February 9, 2012, at which time she was fifty-four years old. *Id.* Disability Determination Services ("DDS"), the state agency, denied her current claim initially in November 2013, R. 96, and again in August 2014, R. 108. On November 4, 2015, Lucy S. appeared with counsel and testified at an administrative hearing before ALJ William Barto. *See* R. 72–91. A vocational expert ("VE") also testified at this hearing. R. 59–66, 84–88.

ALJ Barto issued an unfavorable decision on December 14, 2015. R. 21–35. He first found that Lucy S. had not engaged in sustained substantial gainful activity since February 9, 2012, but that she did have "a period of work activity" in 2013 for which she received earnings from the Highland County School Board and a private individual. R. 23. At steps two and three, he found that Lucy S.'s "degenerative disc disease of the lumbar/cervical/thoracic spine status-post C3-C4 and C4-C5 foraminotomies, degenerative joint disease of the bilateral shoulders status-post December 2013 left shoulder decompression and labral tear, obesity, and bilateral carpal tunnel syndrome" were severe medical impairments, but that they did not meet or medically equal any of the relevant Listings. R. 23–26 (punctuation corrected). ALJ Barto also

found that Lucy S.'s other diagnosed medical conditions, including macular degeneration and undifferentiated connective tissue disease, were non-severe impairments because the medical record reflected "minimal" or generally successful treatment and there were "no indications from the evidence" that those conditions "had more than a minimal effect on [her] functional capabilities for the [Act's] twelve month durational requirement." R. 24.

ALJ Barto then evaluated Lucy S.'s residual functional capacity ("RFC"). *See* R. 26–34. He found that she could perform "a range of sedentary work"[1] as defined in the regulations, but that she was further limited to "occasional climbing stairs/ramps, balancing, stooping, kneeling, crouching, crawling, or overhead reaching bilaterally and no climbing ladders/ropes/scaffolds." R. 26. Additionally, she could "stand for no more than 60 minutes before needing to sit, walk for 30 minutes before needing to sit, and walk for a total of 60 minutes during an 8-hour workday." *Id.* Based on this RFC finding and the VE's testimony, ALJ Barto concluded at step four that Lucy S. was not disabled between February 9, 2012, and December 14, 2015, because she could have performed her past work as an office manager or administrative assistant as those occupations were actually and generally performed. R. 34; *see* R. 63–67, 84–85. ALJ Barto did not consider at step five whether Lucy S. could have performed other "sedentary" occupations available in the national economy. *See* R. 34.

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying [objects] like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). A person who can meet these very modest lifting requirements can perform "the full range of sedentary work" if he or she can sit for about six hours and stand and/or walk for about two hours in a normal eight-hour workday. *Hancock v. Barnhart*, 206 F. Supp. 2d 757, 768 (W.D. Va. 2002); *see also* SSR 96-9p, 1996 WL 374185, at *3 (July 2, 1996); R. 26 ("Sedentary work typically involves lifting or carrying 10 pounds occasionally and less than 10 pounds frequently, standing or walking at least 2 hours in an 8-hour workday, and sitting about 6 hours in an 8-hour workday."). "Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations," but are not presumed disabled. SSR 96-9p, 1996 WL 374185, at *3.

When Lucy S. asked the Appeals Council to review ALJ Barto's decision, she submitted roughly two hundred pages of additional medical evidence related to some of her physical impairments, including several records created after December 14, 2015. *See* R. 2–6. The Appeals Council "considered" and added to the record any additional evidence that it deemed new, material, and related to the period on or before ALJ Barto's decision, *see* 20 C.F.R. § 404.970(b) (2016), rejected the rest as being "about a later time," and declined to review the ALJ's decision.[2] *See* R. 1–2, 5–6, 282–84, 1432–85. This appeal followed.

### III. Discussion

Lucy S.'s initial arguments on appeal challenged ALJ Barto's evaluation of her medical impairments and RFC, as well as the Appeals Council's purported failure to consider a post-dated medical opinion from orthopedic surgeon Mark Coggins, M.D., which the Appeals Council incorporated into the current record before denying Lucy S.'s request for review in February 2017. *See generally* Pl.'s Br. 11–20, ECF No. 14.

At oral argument, Lucy S.'s counsel mentioned that the Commissioner recently awarded Lucy S. benefits on an application filed in 2017 alleging disability based upon the same medical impairments at issue in ALJ Barto's unfavorable decision. Lucy S. submitted a two-page Social Security Notice to the Court, ECF No. 20, as new evidence that is material to the

---

[2] When a claimant appeals an ALJ's unfavorable decision, the Appeals Council first makes a procedural decision whether to grant or deny review. *Davis v. Barnhart*, 392 F. Supp. 2d 747, 750 (W.D. Va. 2005). In making this decision, the Appeals Council must "consider" any additional evidence that is new, material, and "relates to the period on or before the date" of the ALJ's written decision. 20 C.F.R. § 404.970(b) (2016). "Confronted with such new and material evidence, the Appeals Council then 'evaluate[s] the entire record including the new and material evidence'" in determining whether to grant or deny the claimant's request for review. *Meyer*, 662 F.3d at 705 (quoting 20 C.F.R. § 404.970(b)). It will grant that request "if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). "But if upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, [it] can simply deny the request for review." *Meyer*, 662 F.3d at 705.

Commissioner's final decision denying the DIB application at issue in this appeal, *see* 42 U.S.C.

§ 405(g) (sentence six). The Notice is dated September 7, 2018, and reads in relevant part:

> You must meet certain medical and non-medical requirements to be entitled to disability benefits. We have found that you meet the medical requirements for disability benefits. An explanation of our findings is below. . . . We have not yet made a decision about whether you meet the non-medical requirements, but we will make that decision soon.

> \* \* \*

> You said that you are unable to work since 02/09/2012 because of skin cancer, sicca syndrome, osteoarthritis, hypertension, irritable bowel syndrome, breast cancer, bilateral carpal tunnel syndrome, brachial neuritis, spinal stenosis, macular degeneration (idiopathic) of [the] left retina, Sjorgen's syndrome, undifferentiated connective tissue disease, degenerative disc disease of the cervical, thoracic, and lumbar spine, osteoporosis, gastroensophageal reflex, TMJ erosion, vitamin D deficiency, depression, and anxiety.

> We have determined that your condition is severe and results in a finding of disability. However, based on the evidence in file the earliest date that we can establish the onset of disability is **06/10/2016**.

Soc. Sec. Notice 1–2 (paragraph breaks altered). The Notice also lists fourteen medical and other

exhibits that were "used to decide" Lucy S.'s claim along with the date on which the agency

received each report:

> **How We Made the Decision**
> All relevant reports were requested and the following evidence was used to decide your claim.
>
> ASFA PLASTIC SURGERY - report received 05/29/2018
> ROCKINGHAM EYE PHYSICIANS AND ASSOCIATES PC - report received 06/04/2018
> GEORGE KEVORKIAN JR, MD - report received 06/01/2018
> RMH-RHEUMATOLOGY - report received 08/28/2018
> EYE ONE - report received 01/18/2017
> UVA HOSPITAL EAST - report received 02/02/2017
> DI PASQUALE, CHRISTOPHER - report received 11/03/2015
> ATTORNEY SUPPLIED EVIDENCE - report received 03/08/2016 and 05/14/2018
> ATTORNEY SUPPLIED EVIDENCE - report received 06/23/2016, 06/24/2016, 07/22/2018
> CLAIMANT SUPPLIED EVIDENCE - report received 05/12/2018 and 05/03/2018

CLAIMANT SUPPLIED EVIDENCE - report received 05/03/2018
SENTARA RHEUMATOLOGY - report received 05/17/2018
SENTARA INTERNAL MEDICINE MA - report received 05/17/2018

*Id.* at 1. The Court has no other information about Lucy S.'s subsequent application or award of benefits.

A.    *The Legal Framework*

Sentence six "provides that '[t]he court . . . may at any time order additional evidence to be taken before the Commissioner . . . but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.'" *Riley*, 88 F. Supp. 2d at 576 (quoting 42 U.S.C. § 405(g)). In the Fourth Circuit, a claimant must satisfy four requirements to justify remanding the case under sentence six:

> First, the claimant must demonstrate that the new evidence is relevant to the determination of disability at the time the claimant first applied for benefits and is not merely cumulative of evidence already on the record. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983)). Second, the claimant must establish that the evidence is material, in that the Commissioner's decision "'might reasonably have been different' had the new evidence been before her." *Id.* (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). Third, the claimant must show that good cause exists for her failure to present the evidence earlier. *Id.* And fourth, the claimant must present to the reviewing court "'at least a general showing of the nature' of the new evidence." *Id.* (quoting *King*, 599 F.2d at 599).

*Finney v. Colvin*, 637 F. App'x 711, 715–16 (4th Cir. 2016) (per curiam). Additional evidence relates back to the relevant period if it provides some insight into impairments, symptoms, or functional limitations that the claimant allegedly suffered while the ALJ was reviewing her case, *Wilson v. Colvin*, No. 7:13cv113, 2014 WL 2040108, at *4 (W.D. Va. May 16, 2014), even if that evidence was created after the ALJ issued his unfavorable decision. *Hull v. Astrue*, No. 5:10cv135, 2012 WL 896343, at *5 (W.D. Va. Mar. 15, 2012). Conversely, post-dated evidence

does not relate back when it is not representative of the claimant's medical condition on or before the date of the ALJ's decision, such as when her existing conditions have deteriorated or where a new, unrelated condition has developed. *See Lyman v. Colvin*, No. 5:14cv34, 2015 WL 4662413, at *10 (W.D. Va. Aug. 6, 2015) (citing *Dunn v. Colvin*, 973 F. Supp. 2d 630, 643 (W.D. Va. 2013)).

The Fourth Circuit has not yet issued a published decision addressing "whether a subsequent finding of disability itself constitutes new and material evidence" under sentence six. *Jackson v. Comm'r, Soc. Sec. Admin.*, Civ. Action No. SAG-13-3579, 2014 WL 4471530, at *2 (D. Md. Sept. 8, 2014); *see Baker v. Comm'r of Soc. Sec.*, 520 F. App'x 228, 229 n.* (4th Cir. 2013) (per curiam). It has repeatedly made clear to district courts, however, that "[a]ssessing the probative value of competing evidence is quintessentially the role of the [administrative] fact finder" and a reviewing court "cannot undertake it in the first instance." *Meyer*, 662 F.3d at 707; *accord Finney*, 637 F. App'x at 720 (King, J., dissenting) (explaining that sentence six's materiality requirement "reinforces the principle" that "[i]t is the duty of the ALJ, not a reviewing court, to find facts and resolve evidentiary conflicts in Social Security proceedings" (citing *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990)). Consistent with this principle, the courts in this district have concluded that "[w]here a second application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of disability may constitute new and material evidence." *Hayes v. Astrue*, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007); *see also Helm v. Astrue*, No. 6:10cv19, 2011 WL 3022561, at *6 (W.D. Va. July 22, 2011); *Goode v. Astrue*, No. 6:09cv45, 2011 WL 926855, at *7–8 (W.D. Va. Feb. 25, 2011), *adopted by* 2011 WL 926719, at *1 (W.D. Va. Mar. 15, 2011); *Owens v. Astrue*, No. 7:09cv263, 2010 WL

3743647, at *4 (W.D. Va. Sept. 22, 2010); *Reamey v. Astrue*, No. 6:08cv21, 2009 WL 1619211, at *4–5 (W.D. Va. June 8, 2009). A sentence-six remand is particularly appropriate where both applications alleged disability based on chronic conditions, *Helm*, 2011 WL 3022561, at *6, or progressive disorders that "may require a somewhat arbitrary determination" when trying to identify "a precise date of disability onset," *Hayes*, 488 F. Supp. 2d at 565.

B.      *Analysis*

The Commissioner argues that the September 2018 decision finding Lucy S. disabled as of June 10, 2016, does not authorize remand under sentence six because Lucy S. has not shown "that the evidence underlying the subsequent decision was new and material to the earlier determination." Def.'s Supp'l Br. 1, ECF No. 21.[3] She further explains that "the Agency considered 14 exhibits when it evaluated [Lucy S.'s] subsequent application, and all but one of those exhibits post-dated the ALJ's decision in the instant matter." *Id.* at 2 & n.1 ("The award letter lists an exhibit from Christopher DiPasquale dated November 2015 . . . ."). The Commissioner interprets the June 2016 disability onset date to mean that "the Agency evidently did not find this [one] exhibit probative as to Plaintiff's disability because it found that her disability" began more than "eight months later." *Id.* at 2 n.1. The Court does not have enough information to make this assessment. *See Owens*, 2010 WL 3743647, at *4–5; *cf. Cotton v. Colvin*, No. 5:14cv425, 2015 WL 5714912, at *3 (E.D.N.C. Sept. 29, 2015) (rejecting the Commissioner's assertion that evidence predating the claimant's alleged disability onset date was "irrelevant" because "[w]here evidence predating the alleged date of disability is made part of the record, the regulations require the Commissioner to consider that evidence" (citing 20 C.F.R. § 404.1520(a)(3)).

---

[3] Lucy S.'s September 2018 finding of disability was made after the ALJ's decision and the Appeals Council's review; thus, she has shown good cause for not submitting this evidence earlier.

Of course, the subsequent award "is not preclusive evidence as to a prior application, because [the] second application may involve 'different medical evidence, a different time period, and a different classification.'"[4] *Hayes*, 488 F. Supp. 2d at 565 (quoting *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001)). The Notice states that Lucy S.'s second application alleged disability based on nineteen medical conditions, many of which are chronic or degenerative disorders that also were at issue in ALJ Barto's decision denying the DIB application at issue in the appeal. *See* Soc. Sec. Notice 2; R. 23–26. It notes that "the evidence in file" on Lucy S.'s second application established her conditions met the "medical requirements for disability benefits" as of June 10, 2016, Soc. Sec. Notice 1–2, but it does not clarify whether that finding was based on "medical information independent of [her] first application," *Hayes*, 488 F. Supp. 2d at 564; *see also Owens*, 2010 WL 3743647, at *5. Because the Notice lists only "the source of the evidence reviewed and the date it was received" by the Agency, rather than "the dates of treatment reflected in these records," the Court cannot definitively say "whether the benefit award on the subsequent application was based on the same or different evidence than contained in the administrative record in his case." *Owens*, 2010 WL 3743647, at *4.

Evidence in the administrative record, however, suggests that the medical exhibits listed in the Notice almost certainly contain treatment records from the same physicians and clinics that treated Lucy S. for many of the same allegedly disabling medical conditions between February 2012 and December 2015. *Compare* Soc. Sec. Notice 1 (listing medical reports received from Sentara RMH Rheumatology, EyeOne, and Christopher DiPasquale, M.D.), *with* R. 904–08,

---

[4] The fact that Lucy S. prevailed on the second application solely because she met "the medical requirements for disability benefits" strongly suggests that her age was not an issue in the favorable determination. *See Sullivan v. Zebley*, 493 U.S. 521, 525 (1990) ("In the third step, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work. If the claimant's impairment matches or is 'equal' to one of the listed impairments, he qualifies for benefits without further inquiry." (internal citation omitted)); 20 C.F.R. § 404.1520(d).

1109–51, 1465–75 (treatment notes and medical opinion from Don Martin, M.D., at Sentara

RMH Rheumatology), 958–1089, 1419–20, 1432–64 (treatment notes from EyeOne), *and* 1313,

1323–30, 1336–41, 1347–49 (Dr. DiPasquale's treatment notes related to 2013 shoulder

surgery). *See Owens*, 2010 WL 3743647, at *4; *Helm*, 2011 WL 3022561, at *4–5. Indeed, there

is a reasonable chance that the "Attorney Supplied Evidence" exhibits listed as being received by

the Agency on March 8, June 23, and June 24, 2016, describe the same "Attorney/Representative

Supplied" medical exhibits that the Appeals Council considered and incorporated into the current

administrative record before denying Lucy S.'s request to review ALJ Barto's decision in

February 2017.[5] *Compare* Soc. Sec. Notice 1, *with* R. 1432–51 (medical records from Eye One

submitted by fax on June 20, 2016), *and* 1452–75 (medical records from Eye One and Sentara

RMH Rheumatology submitted by fax on March 8, 2016). Thus, the Notice contains enough

new, substantive information to persuade the Court that remand under sentence six is warranted

for the Commissioner to evaluate the award's actual impact on the prior determination. *See*

*Finney*, 637 F. App'x at 720; *Baker*, 520 F. App'x at 229 n.* (concluding that a subsequent

award of disability benefits, without more, was "not material to the earlier, unfavorable decision"

because the claimant had "not met her burden of showing that the evidence relied upon in

reaching the favorable decision pertains to the period under consideration in th[e] appeal" (citing

*Allen v. Comm'r*, 561 F.3d 646, 653 (6th Cir. 2009)).

---

[5] In her merits brief, the Commissioner argued that certain of these exhibits were not new, material, or related to the period before ALJ Barto's decision because they showed Lucy S.'s medical condition deteriorated after December 2015. Def.'s Br. 5–6, ECF No. 17. "By incorporating this evidence into the record and considering it upon request for review," however, the Appeals Council "determined that this evidence was both new and material and related to the period on or before the date of the ALJ's decision." *Scott ex rel. Scott v. Barnhart*, 332 F. Supp. 2d 869, 877 (D. Md. 2004); *see* 20 C.F.R. § 404.970(b); R. 2–6. The Commissioner offers no explanation why the Court should simply disregard this administrative determination. *Cf. Helm*, 2011 WL 3022561, at *6 (remanding for the Commissioner to consider a subsequent award of benefits where the claimant "suffered from the[] conditions for many years, and there [was] no evidence that suggest[ed] a material deterioration in [her] condition after the ALJ's decision" at issue on appeal).

A six-month gap is admittedly longer than what other courts in this district have considered to be "at or near the time" of a prior unfavorable decision. *See, e.g.*, *Hayes*, 448 F. Supp. 2d at 565 (one day); *Helm*, 2011 WL 3022561, at *2, *6 (three weeks). Nonetheless, given the chronic nature of Lucy S.'s impairments ostensibly at issue in both applications, "there is a possible inconsistency between the denial of disability benefits and the subsequent grant of benefits" awarded so soon after ALJ Barto's unfavorable decision. *Owens*, 2010 WL 3743647, at *4. It is not the Court's prerogative to resolve this ambiguity in the first instance. *See Meyer*, 662 F.3d at 707; *Helm*, 2011 WL 3022561, at *6.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**, the Commissioner's Motion for Summary Judgment, ECF No. 16, is **DENIED**, and the matter is **REMANDED** for further administrative proceedings under the sixth sentence of 42 U.S.C. § 405(g). The Court shall retain jurisdiction in this matter pending the Commissioner's determination on remand and further action by either party. The Clerk is directed to **DISMISS** the case from this Court's active docket. A separate order will enter.

The Clerk shall send certified copies of this Memorandum Opinion to counsel of record.

ENTER: September 28, 2018

Joel C. Hoppe
United States Magistrate Judge